IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BLUEFIELD DIVISION

MALIK HUFF,

    Petitioner,

v.                                              Case No. 1:21-cv-00072

WARDEN, FCI MCDOWELL,

    Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is Malik Huff's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable David A. Faber, Senior United States District Judge and, by Standing Order, it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

## PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

### A. Petitioner's conviction and prior post-conviction filings.

On February 19, 2019, Petitioner pled guilty in the United States District Court for the District of Columbia ("D.C.") to of one count of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). *See United States v. Huff*, Case No. 1:18-cr-00361 (D.D.C. Feb. 19, 2019). (ECF No. 10, Ex. 1). According to the Information to which he pled guilty, Petitioner had been previously convicted of crimes

punishable by imprisonment for a term exceeding one year in the State of Maryland, Circuit Court for Prince George's County, Criminal Case No. CT111237X, and in the Superior Court for the District of Columbia, Criminal Case No. 2005-FEL-003483. (*Id.*, Ex. 1).

On April 18, 2019, Petitioner was sentenced by the D.C. district court to a 65-month term of imprisonment, followed by a three-year term of supervised release. (*Id.*, Ex. 2). Petitioner did not appeal his conviction or sentence to the United States Court of Appeals for the D.C. Circuit, though on June 22, 2020, he filed a Motion to Vacate Sentence under 28 U.S.C. § 2255 claiming that his "guilty plea under 18 U.S.C. § 922(g) must be vacated in light of the Supreme Court's recent decision in *Rehaif v. United States*."[1] (*Id.* Ex. 3 at 1); *see also Huff v. United States*, No. 1:20-cv-01661 (D.D.C. June 22, 2020). A review of Petitioner's criminal docket sheet, however, indicates that the § 2255 motion was voluntarily dismissed on October 26, 2021. *United States v. Huff*, No. 1:18-cr-361, ECF No. 28.

On January 28, 2021 (while his § 2255 motion was still pending), Petitioner filed the instant § 2241 petition, again challenging his § 922(g) conviction under *Rehaif* and asserting that he is entitled to relief under § 2241 via the savings clause contained in 28 U.S.C. § 2255(e) because *Rehaif* is a change in statutory interpretation that occurred after his conviction and is not a new rule of constitutional law. On June 11, 2021, as ordered by the court, Respondent responded to the petition asserting that Petitioner

---

[1] In *Rehaif*, which was decided on June 21, 2019 (after Petitioner had pled guilty, was sentenced, and failed to file a direct appeal), the Supreme Court held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 139 S. Ct. at 2191, 2200 (2019). Thus, *Rehaif* represents a change in interpretation of the statutory elements necessary to be convicted under §§ 922(g) and 924(a)(2).

cannot meet the criteria to use the savings clause to establish jurisdiction for review of his claim under § 2241. (ECF No. 10). Petitioner did not file a reply brief.

On June 22, 2023, the United States Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465 (2023), which held that § 2255(e) does not allow a prisoner asserting an intervening change in interpretation of a criminal statute to circumvent the Antiterrorism and Effective Death Penalty Act's restrictions on second or successive § 2255 motions by filing a § 2241 habeas petition. Thereafter, Respondent filed a Motion for Leave to File Supplemental Authority (ECF No. 11), asserting that the decision in *Jones* bars Petitioner's claim as brought in this court under § 2241 and that the petition should be dismissed. The undersigned has granted Respondent's Motion for Leave to File Supplemental Authority and this matter is ripe for adjudication.

## **ANALYSIS**

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241, on the other hand, is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative, or supplemental remedy to that provided in § 2255. In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), which made significant reforms to the federal post-conviction review process for both state and federal prisoners. As relevant here, AEDPA restricted the filing of second or successive § 2255 motions to those motions that contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

3

> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 US.C. § 2255(h).

Petitioner's *Rehaif* claim challenges the validity of his § 922(g)(1) conviction, not the execution of his sentence. Thus, it would be appropriately brought in a § 2255 motion. Although Petitioner previously filed a § 2255 motion in his court of conviction, he voluntarily withdrew the same before it was adjudicated. Thus, if Petitioner filed another § 2255 motion in the D.C. District Court, the undersigned does not believe it would be considered a second or successive motion that would be restricted by § 2255(h). Nonetheless, another AEDPA provision provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added). This section is known as the "savings clause" and, under limited circumstances, permits a prisoner to seek relief under § 2241 instead of § 2255.

Accordingly, for Petitioner to pursue relief under § 2241, this court must first determine whether the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The mere fact that relief under § 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of a petitioner's detention. *Id.* at 332.

Courts have struggled with ascertaining when § 2255 is "inadequate or ineffective," resulting in a split of authority among the federal circuit courts. However, a noted above, on June 22, 2023, the Supreme Court decided *Jones v. Hendrix*, 599 U.S. 465, (2023), which held that § 2255(e)'s saving clause does not permit a prisoner asserting an intervening change in statutory interpretation to circumvent AEDPA's restrictions on second or successive § 2255 motions by filing a § 2241 petition. The Court emphasized that "[t]he inability of a prisoner with a statutory claim to satisfy [the conditions of § 2255(h)] does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Id*. at 480.

As noted above, the decision in *Rehaif* is a change in statutory interpretation. Thus, it will not permit Petitioner to meet the savings clause criteria and this court lacks jurisdiction to consider his claim under § 2241. *Id*. at 470-72; *McGee v. Maruka*, No. 23-6344, 2023 WL 5666445, at *1 (4th Cir. Sept. 1, 2023) (affirming dismissal of § 2241 petition mounting successive collateral attack grounded in change of statutory interpretation for lack of jurisdiction); *Covington v. Andrews*, No. 22-7118, 2023 WL 4701179 (4th Cir. July 24, 2023) (same); *Hall v. Hudgins*, No. 22-6208, 2023 WL 4363658 (4th Cir. July 6, 2023) (same). The Fourth Circuit has instructed that such petitions should be dismissed without prejudice. *See Clark v. Lieu*, No. 22-6846, 2023 WL 4676854, at *1 (4th Cir. July 21, 2023) quoting *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (recognizing that dismissal based on "defect in subject matter jurisdiction . . . must be one without prejudice.") Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Petitioner cannot meet the criteria of 28 U.S.C. §

2255(e) to have the present petition considered by this federal court under § 2241 and the proper resolution is to dismiss the petition without prejudice.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS WITHOUT PREJUDICE** Petitioner's § 2241 petition (ECF No. 1), and this civil action, for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable David A. Faber, Senior United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*,

727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Faber.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

November 3, 2023

Dwane L. Tinsley
United States Magistrate Judge